IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AMERICAN POSTAL WORKERS
UNION AFL-CIO HEALTH PLAN,

    Plaintiff,
v.                                CASE NO. 1:04-cv-00087-MP-AK

JOAN A HOPE,
STERLING HOPE,
HORACE MOORE SR PA,
HORACE MOORE, SR,

    Defendants.
_____/

## **O R D E R**

This matter is before the Court on Docs. 44 and 45, Proposed Stipulated Facts and Issues for Decision, filed by the parties. The Court took this case under advisement on Friday, June 2, 2006. Plaintiff, American Postal Workers Union, AFL-CIO Health Plan ("Health Plan"), brings this action pursuant to the Federal Employees Health Benefits Act of 1959 ("FEHBA"), 5 U.S.C. § 8901 *et seq.*, to recover monies allegedly owed by the Defendants. Defendants Joan and Sterling Hope have been enrolled in the Health Plan since 1966 and 1985, respectively. Pursuant to the subrogation provision of the coverage terms of the insurance contract, if the Hopes were injured by a third party, the Health Plan would pay benefits for the injury conditioned on the right to be reimbursed if the Hopes recovered money from the third party. On April 2,1995, the Hopes were in an automobile accident and submitted medical

charges for their injuries to the Health Plan, which paid a total of $31,036.27 in medical benefits. The Hopes pursued a civil action in state court against the tortfeasor, and recovered $250,000.00 in damages from the tortfeasor's insurance policy.  When the Hopes refused to reimburse the Health Plan, this action was filed under FEHBA to recover the medical benefits.

Both parties state that this Court has original jurisdiction in this action based on Federal Question Jurisdiction under 28 U.S.C. § 1331 and FEHBA, 5 U.S.C. § 8901, *et seq*.  However, as subject matter jurisdiction can never be stipulated or waived, even if the parties do not raise the issue, a court must *sua sponte* dismiss an action if it appears that the court lacks jurisdiction of the subject matter.  FED. R. CIV. P. 12(h)(3).

FEHBA contains only one provision that addresses federal-court jurisdiction.  Under that provision, "district courts of the United States have original jurisdiction, concurrent with the United States Court of Federal Claims, of a civil action or claim against the United States founded on this chapter." 5 U.S.C. § 8912.  On June 15, 2006, the Supreme Court for the United States issued its decision in <u>Empire Healthchoice Assur., Inc. v. McVeigh</u>, 126 S.Ct. 2121 (2006), which held that a suit by health insurance carrier for federal employees, seeking reimbursement of benefits from an enrollee who had recovered damages for his injuries in state-court tort action, did not arise under laws of United States, and therefore did not give rise to federal question jurisdiction.  The Supreme Court stated that the jurisdiction-vesting clause of FEHBA serves only to create concurrent jurisdiction with the United States Court of Federal Claims on claims exceeding $10,000.  "The purpose of this provision–evident from its reference to the Court of Federal Claims–was to carve out an exception to the statutory rule that claims brought against the United States and exceeding $10,000 must originate in the Court of Federal

Claims." Id. at 2129.

The Supreme Court held that the suit at issue in McVeigh and the instant case, a reimbursement claim arising from a contract between the insurer and the insured, was not included in FEHBA's grant of jurisdiction, and did not present a federal question. "FEHBA's jurisdictional provision, 5 U.S.C. § 8912, opens the federal district-court door to civil actions 'against the United States.' . . . Had Congress found it necessary or proper to extend federal jurisdiction further, in particular, to encompass contract-derived reimbursement claims between carriers and insured workers, it would have been easy enough for Congress to say so." Id. at 2134-35. Because Plaintiff brings suit under FEHBA to recover contract-derived reimbursement claims, which the Supreme Court held does not create a cause of action under federal law, this case does not arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this Court lacks jurisdiction, and this case is dismissed. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Plaintiff's complaint, Doc. 1, is dismissed for lack of subject matter jurisdiction.

**DONE AND ORDERED** this   *25th* day of January, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge